**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| | : | |
| PNY TECHNOLOGIES, INC. | : | **Civil Action No. 13-6799 (SRC)** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| NETAC TECHNOLOGY CO., LTD., | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**CHESLER, District Judge**

This matter has come before the Court on the motion to certify an order for

interlocutory appeal by Plaintiff PNY Technologies, Inc. ("PNY"). For the reasons that

follow, the motion will be denied.

On December 16, 2015, this Court granted the motion to compel arbitration by

Defendant Netac Technology Co., Ltd. ("Netac"), and stayed this case pending

completion of the arbitration. PNY now moves to certify this Order for an interlocutory

appeal, and asks this Court to stay this Order as well during the pendency of the appeal.

PNY asks that this Court certify the Order for interlocutory appeal pursuant to 28

U.S.C. § 1292(b), which states:

> When a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order
> involves a controlling question of law as to which there is substantial
> ground for difference of opinion and that an immediate appeal from the
> order may materially advance the ultimate termination of the litigation, he
> shall so state in writing in such order. The Court of Appeals which would
> have jurisdiction of an appeal of such action may thereupon, in its
> discretion, permit an appeal to be taken from such order, if application is

made to it within ten days after the entry of the order: Provided, however,
That application for an appeal hereunder shall not stay proceedings in the
district court unless the district judge or the Court of Appeals or a judge
thereof shall so order.

PNY contends that the three criteria for certification specified by § 1292(b) are met here.

The Third Circuit has held:

Congress intended that section 1292(b) should be sparingly applied. It is
to be used only in exceptional cases where an intermediate appeal may
avoid protracted and expensive litigation . . .

Milbert v. Bison Laboratories, Inc., 260 F.2d 431, 433 (3d Cir. 1958).  Certification

under § 1292(b) is a matter entrusted to the district court's discretion.  Swint v. Chambers

County Comm'n, 514 U.S. 35, 47 (1995).

Before discussing the criteria for certification, it is important to address Netac's

argument, in opposition, that the pending motion cannot be granted, given the express

language of the Federal Arbitration Act in 9 U.S.C. § 16:

(a) An appeal may be taken from--
  (1) an order--
    (A) refusing a stay of any action under section 3 of this title [9 USCS §
3],
    (B) denying a petition under section 4 of this title [9 USCS § 4] to
order arbitration to proceed,
    (C) denying an application under section 206 of this title [9 USCS §
206] to compel arbitration,
    (D) confirming or denying confirmation of an award or partial award,
or
    (E) modifying, correcting, or vacating an award;
  (2) an interlocutory order granting, continuing, or modifying an
injunction against an arbitration that is subject to this title; or
  (3) a final decision with respect to an arbitration that is subject to this
title.

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal
may not be taken from an interlocutory order--
  (1) granting a stay of any action under section 3 of this title [9 USCS §

2

3];

  (2) directing arbitration to proceed under section 4 of this title [9 USCS § 4];

  (3) compelling arbitration under section 206 of this title [9 USCS § 206]; or

  (4) refusing to enjoin an arbitration that is subject to this title.

As Netac contends, 9 U.S.C. § 16 states clearly when, in an FAA case, an appeal may be taken, and when it may not be taken.  As Netac argues, broadly speaking, orders denying a motion to compel arbitration may be appealed under 9 U.S.C. § 16(a)(B, C), but orders which direct or compel arbitration – as this Court has issued here – may not be the subject of an interlocutory appeal.

In its opening brief, PNY acknowledges that, under existing Third Circuit law, a stay pending arbitration may not be appealed on an interlocutory basis: "whenever a stay is entered under § 3, the party resisting arbitration is expressly denied the right to an immediate appeal."  Lloyd v. Hovensa, 369 F.3d 263, 270 (3d Cir. 2004).  How, then, given Lloyd and the plain language of § 16, does this Court, having stayed this case pending arbitration, have the authority to certify the Order for interlocutory appeal?

PNY contends that, even though Third Circuit law is clear on this issue, other circuits treat this question differently, and the Third Circuit might reconsider: "A certification of this case will allow the Third Circuit to revisit this issue and consider adopting an approach that has been approved by others."  (Pl.'s Br. 12.)  The statute, § 1292(b), allows for certification of an order for interlocutory appeal where "there is substantial ground for difference of opinion."  PNY has failed to persuade this Court that there is substantial ground for difference of opinion in the Third Circuit about these

issues of Third Circuit law; in fact, PNY acknowledges that this is not the case.[1]  Rather, as PNY states in its reply brief, the only open question is whether the Supreme Court would agree or disagree with the Third Circuit.  On a question on which the Third Circuit has spoken clearly, the mere possibility of a Supreme Court reversal is not sufficient to establish <u>substantial</u> ground for difference of opinion.  The motion to certify the Order for interlocutory appeal will be denied.

For these reasons,

**IT IS** on this 10th day of February, 2016,

**ORDERED** that the motion to certify the Order entered December 16, 2015 for interlocutory appeal (Docket Entry No. 150) is **DENIED.**


　　　　　　　　　　　　　　　　　　   s/ Stanley R. Chesler　　　
　　　　　　　　　　　　　　　　　　Stanley R. Chesler, U.S.D.J

---

[1] PNY states: "PNY's request for certification is based, in part, on the principle that a Court *should be able* to dismiss an entire case when it deems that all pending claims are subject to arbitration."  (Pl.'s Reply Br. 4.)  It is not clear to this Court how such a Third Circuit ruling, holding that courts are able to dismiss a case when all pending claims are subject to arbitration, would materially advance the ultimate termination of this litigation.