UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PNY TECHNOLOGIES, INC. | : | Civil Action No. 13-6799 (SRC) |
| Plaintiff, | : | |
| v. | : | OPINION & ORDER |
| NETAC TECHNOLOGY CO., LTD., | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter has come before the Court on three motions: 1) the motion to stay execution of the judgment by Plaintiff PNY Technologies, Inc. ("PNY"); 2) the cross-motion to enforce surety liability by Defendant Netac Technology Co., Ltd. ("Netac"); and 3) PNY's cross-motion to stay enforcement of surety liability.  For the reasons that follow, PNY's two motions will be denied and decision on Netac's motion will be reserved.

Litigation on this case began in 2013.  On February 21, 2019, this Court entered a Judgment in favor of Netac in the amount of $7,823,944.00 against PNY.  PNY appealed to the Third Circuit.  On April 17, 2019, this Court approved PNY's supersedeas bond in the amount of $8,025,000.00 and stayed execution of the Judgment during the pendency of the appeal.  On February 10, 2020, the Third Circuit entered a judgment affirming this Court's decision. Anticipating the issuance of the mandate, PNY moved to stay execution of the Judgment.  The Third Circuit issued the mandate on March 24, 2020.  Netac then cross-moved to enforce surety liability on the supersedeas bond, pursuant to Federal Rule of Civil Procedure 65.1.  PNY then

cross-moved to enjoin enforcement of the Rule 65.1 cross-motion, should it be granted.

As to the motion to stay execution of the judgment, PNY argues that, due to the COVID-19 crisis, it is experiencing financial hardship, and it asks for a six-month delay in execution of the Judgment. In opposition, Netac responds that it has financial hardship, too. PNY's moving brief cites no legal basis for its motion, no authority of any kind. Although PNY's argument of financial hardship has an equitable flavor, PNY cites no principles of equity. In short, PNY has offered this Court no basis to grant its motion. As a result, this Court has no basis to consider PNY's financial hardship, nor Netac's financial hardship, nor to balance their hardships. The motion to stay execution of the judgment will be denied.

As to Netac's cross-motion, Rule 65.1 states:

> Whenever these rules (including the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions) require or allow a party to give security, and security is given with one or more security providers, each provider submits to the court's jurisdiction and irrevocably appoints the court clerk as its agent for receiving service of any papers that affect its liability on the security. The security provider's liability may be enforced on motion without an independent action. The motion and any notice that the court orders may be served on the court clerk, who must promptly send a copy of each to every security provider whose address is known.

There is no dispute that Rule 65.1 applies to the supersedeas bond posted by PNY, or that PNY's appeal to the Third Circuit has been completed and a final judgment has been entered in this case. Netac moves to enforce the security provider's liability. In opposition, PNY argues that the cross-motion should be denied as premature for three reasons.[1] First, it argues that there is

---

[1] At the same time, in further support of its motion to stay, PNY attempts to remedy the lack of legal authority in its moving brief and belatedly cites some cases. The Court makes two observations. First, as a matter of procedure, this Court will not accept arguments offered for the first time in a reply brief, as they were not properly asserted in the opening brief and the opposing party has not had the opportunity to respond to them. Anspach v. City of Philadelphia, 503 F.3d 256, 258 n.1 (3d Cir. 2007) ("failure to raise an argument in one's opening brief waives

no evidence that the surety has been properly served. The docket for this case shows that Netac filed a certificate of service on May 29, 2020 which certifies that Fedex delivered a copy of this motion to the surety on April 6, 2020. Nonetheless, Rule 65.1 requires that the clerk of this Court send a copy of the motion to the surety, and the record contains no evidence that this requirement has been met. As such, decision on this motion will be reserved, pending the filing of proof that this requirement has been met, and the surety will be allowed ten days to respond.

Second and third, PNY argues that the cross-motion should be denied because Netac has not yet attempted to execute on the Judgment and must follow the proper procedure. Citing Va. Plastics Co. v. Biostim, Inc., 820 F.2d 76 (3d Cir. 1987), PNY argues: "Before bringing a Rule 65.1 motion, the party seeking to enforce the bond must 'prove that it was unable to execute its judgment.'" (PNY Reply Br. 18-19.) The Court observes that PNY here has quoted from the LEXIS case summary, and not the Third Circuit's actual decision. The actual decision does not support PNY's argument. Virginia Plastics concerns an injunction bond, not a supersedeas bond, and the surety appealed after the district court granted the Rule 65.1 motion. Id. The Third Circuit reasoned as follows: "A wrongfully enjoined defendant must establish what damages were proximately caused by the erroneously issued injunction in order to recover and the alleged damages cannot be speculative." Id. at 80 n.6. Thus, Virginia Plastics stands for the proposition that the obligee of an erroneously issued injunction bond must properly establish damages in order to recover on the bond. This has no application to the issues before this Court.

Lastly, PNY moves to enjoin the enforcement of surety liability. PNY argues unpersuasively that the requirements of the traditional four-factor standard for an injunction have

---

it"). Furthermore, PNY here points to courts around the country that have recognized the COVID-19 crisis and made accommodations in diverse circumstances, but PNY has cited no

been satisfied.   PNY argues that the likelihood of success on the merits factor is "moot" here. (PNY Reply Br. 21.)   This statement is ironic, to say the least.   PNY has now failed conclusively to prevail on the merits in this litigation.   The Third Circuit has issued a final Judgment against PNY.   PNY lacks not only a likelihood of success on the merits; it has no possibility of success on the merits at this point.   Furthermore, this Court, today, finds that Netac is likely to succeed on its Rule 65.1 cross-motion, once the requirement of Court service on the surety has been met.   There is no way this Court can conclude that PNY has any relevant likelihood of success on the merits.   PNY has failed to persuade this Court that Netac should be enjoined from enforcing surety liability.   PNY's cross-motion to enjoin will be denied.

For these reasons,

**IT IS** on this 9th day of June, 2020,

**ORDERED** that PNY's motion to stay execution of the Judgment (Docket Entry No. 221) is **DENIED**; and it is further

**ORDERED** that decision on Netac's cross-motion to enforce surety liability (Docket Entry No. 223) is **RESERVED**; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of Netac's cross-motion to enforce surety liability to the surety and document this on this docket; and it is further

**ORDERED** that PNY's cross-motion to enjoin enforcement of surety liability (Docket Entry No. 227) is **DENIED.**

                                                              s/ Stanley R. Chesler
                                                            Stanley R. Chesler, U.S.D.J

---

case in which a federal court delayed execution of a final judgment.